Green, J.
delivered the opinion of the court.
James Smith made a verbal lease of the land in dispute to Watson in the year 1824, for one year. He afterwards removed to Alabama, where he resided till 1825, when he returned to this State, and settled within a few miles of the land in dispute. After the expiration of (he year for which the lease from Smith was made, Watson continued in possession of the land, but agreed-to hold under the title of Leonard P. Cheatham, who claimed it. Smith has a grant for the land, but the title under which Cheatham claims is older and better than Smith’s. Watson continued in possession more than seven years, after the expiration of his lease from Smith, and after he disclaimed to hold under Smith and took protection under Cheatham. But there is no evidence that Smith or his heirs knew at any time that Watson was holding under Cheatham and not under Smith. -It is settled by this court in the case of Duke’s lessee vs. Harper, 6 Yerger’s Reports, that a tenant cannot resist his landlord’s title, although he may hold adversely to it under another title, unless his declaimer is known to the landlord and the adverse possession continue seven years after such knowledge.
*477 The principle as settled- in that case is not controverted: . 1 1. . . •ill/' -r but this case, it is thought, is distinguishable from. that. that case, the disclaimer first occurred during the term for which the, tenant had leased; but here it was made after the expiration of the lease, the tenant having held over after the expiration of the term for which, he had contracted. We think this slight circumstantial difference creates none in principle between the cases. Watson continued to be tenant after the expiration of the term agreed on for the lease, and if tenant, he is under the same disabilities on this subject as though he had been such by express contract. Smith had a right to suppose he was holding for him and under him, unless he had notice that the fact was not so; and unless he had such notice, the possession of Watson can operate nothing against his title. Affirm the judgment.
Judgment affirmed.